UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,

v.

BRADLEY MICHAEL ABBRING,

      Defendant.

_____/

No: 1:14-CR-50

HON. PAUL L. MALONEY
Chief United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between BRADLEY MICHAEL ABBRING ("the defendant") and the United States Attorney's Office for the Western District of Michigan ("the U.S. Attorney's Office"). The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty</u>. The defendant agrees to plead guilty to the Felony Information. The Felony Information charges the defendant with one count of receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

2.    <u>The Defendant Understands the Crime</u>. In order for the defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(2)(A), the following must be true:

    a.    The defendant knowingly received child pornography;

*United States v. Bradley Michael Abbring*
*Plea Agreement*

  b. Such child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

  c. The defendant knew that such item(s) or material constituted or contained child pornography.

The defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalties</u>. The statutory penalties for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), are the following:

  a. Maximum term of imprisonment: 20 years
  b. Minimum term of imprisonment: 5 years
  c. Maximum term of supervised release: Lifetime
  d. Minimum term of supervised release: 5 years
  e. Maximum fine: $250,000.00
  f. Special Assessment: $100.00

The defendant agrees to pay the special assessment at or before the time of sentencing, unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Restitution</u>. The defendant understands that he will be required to pay full restitution as required by law. The Court may order the defendant to make restitution in accordance with Title 18, United States Code, Sections 2259, 3663, and 3663A. The amount of any restitution order will be determined at sentencing.

5. <u>Registration</u>. The defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. The defendant understands that failure to register may subject him to prosecution.

*United States v. Bradley Michael Abbring*
*Plea Agreement*

6. <u>The Sentencing Guidelines.</u>   The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

7. <u>The U.S. Attorney's Office Agrees:</u>

   a. Not to pursue an Indictment for any additional counts relating to the distribution, transportation, receipt, possession, or access with intent to view child pornography by the defendant that could arise from the investigation into the defendant that led to the Felony Information.

   b. Not to oppose the defendant's request for a reduction of his offense level for acceptance of responsibility under § 3E1.1 of the Guidelines, provided the defendant continues to satisfy the criteria for such a reduction. Should the Court grant a two-

*United States v. Bradley Michael Abbring*
*Plea Agreement*

level reduction as provided herein, the Government certifies that the plea was provided sufficiently in advance of trial to allow the Government to forego the expense of trial preparation and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

8. <u>Waiver of Trial Rights</u>.  By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent him;

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt;

   c. The right to confront and cross-examine witnesses against the defendant;

   d. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify; and

   e. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against him.

   f. By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

*United States v. Bradley Michael Abbring*
*Plea Agreement*

9. <u>Waiver of Appeal and Collateral Attack</u>. The defendant understands that the law affords the defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal the conviction and sentence (and the manner in which the sentence was imposed) on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever, unless the sentence exceeds the greater of the guideline range, as determined by the Court at sentencing, or the mandatory minimum. The defendant retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. The defendant also retains the right to appeal a sentence that exceeds the statutory maximum. In addition, as a matter of law, the defendant retains the right to appeal a sentence based upon an unconstitutional factor, such as race, religion, national origin or gender. The defendant acknowledges that this waiver is in exchange for the substantial concessions made by the U.S. Attorney's Office in this plea agreement, including those enumerated in Paragraph 7 of this agreement. The defendant also waives the right to challenge his conviction and sentence and the manner in which his sentence was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

*United States v. Bradley Michael Abbring*
*Plea Agreement*

10. <u>FOIA Waiver.</u>   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552; or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

11. <u>Waiver of Attorney Fees</u>.  The defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

12. <u>The Court Is Not a Party to this Agreement</u>.   The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory minimum and maximum.

*United States v. Bradley Michael Abbring*
*Plea Agreement*

13. <u>This Agreement Is Limited to the Parties.</u>  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

14. <u>Consequences of Breach.</u>  If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*United States v. Bradley Michael Abbring*
*Plea Agreement*

15. <u>This Is the Complete Agreement.</u>  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

3/18/2014
Date

TESSA K. HESSMILLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3/17/2014
Date

BRADLEY MICHAEL ABBRING
Defendant

I am Mr. Abbring's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3-18-2014
Date

GARY GABRY
Counsel for Defendant

Page 8 of 8