# United States District Court

## Western District of Michigan

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|

-vs-

Case Number: 1:14-cr-50-01

BRADLEY MICHAEL ABBRING

USM Number: 18077-040

Gary M. Gabry
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Count One of the Information.

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Offense Ended | Count No. |
|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | February 7, 2013 | One |

Nature of Offense

Receipt of Child Pornography

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: July 18, 2014

DATED: July 21, 2014

_/s/ Paul L. Maloney_____
Paul L. Maloney
Chief United States District Judge

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one hundred thirty-two (132) months**.

☒      The Court makes the following recommendations to the Bureau of Prisons:

         That the defendant receive a mental health evaluation and recommended treatment.
         That the defendant be designated to a correctional facility as close as possible to Michigan.

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The Defendant shall surrender to the United States Marshal for this district:
       ☐   At _____ on _____.
       ☐   As notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ☐   Before 2:00 P.M. on _____.
       ☐   As notified by the United States Marshal.
       ☐   As notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ To _____

At _____, with a certified copy of this judgment.

         _____
         United States Marshal

         By: _____
             Deputy United States Marshal

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case
_____

Judgment – Page 3
Defendant: BRADLEY MICHAEL ABBRING
Case Number: 1:14-cr-50-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **eight (8) years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall provide the probation officer with access to any requested financial information.

2.      The defendant will participate in a sex offender assessment and/or treatment as approved by the probation officer which may include physiological testing such as polygraph, plethysmograph, and/or ABEL assessment. The defendant will contribute to the cost of treatment in an amount approved by the probation officer.

3.      The defendant's residence and employment shall be pre-approved by the probation officer.

4.      The defendant shall provide the probation officer access to any requested financial information, including but not limited to credit reports, credit card bills, bank statements, and telephone bills.

5.      The defendant shall not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the probation officer.

6.      The defendant shall have no contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including, but not limited to, schools, day care centers, theme parks, theaters, and playgrounds.

7.      The defendant shall not date or socialize with anybody who has children under the age of 18 without the permission of the probation office.

8.      The defendant shall not possess or publicly display any materials that may be viewed as lures for children, including, but not limited to children's games, toys, videos, or clothing without prior approval of probation officer.

9.      The defendant shall not possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(I)-(v), including visual, auditory, telephonic, or electronic media, and computer programs or services. He shall not patronize any place whose primary purpose is to promote such materials or entertainment. The defendant shall not utilize <u>900</u> or adult telephone numbers or any other sex-related numbers.

10.     The defendant shall advise the probation officer of all pornographic materials owned or possessed by the defendant and shall not own or possess any sexually stimulating or sexually oriented material deemed inappropriate by the probation officer and/or treatment staff.

11.     The defendant shall not possess or use a computer or have access to any online service without the prior written approval of the probation office. The defendant shall identify all computer systems, internet-capable devices, and similar memory and electronic devices to which the defendant has access, and allow installation of a computer and internet monitoring program. Monitoring may include random examinations of computer systems along with internet, electronic, and media storage devices under the defendant's control. The computer system or device may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the probation office.

12.     The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

13.     The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers, as approved by the probation officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants, internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, other computers or similar media.

14.     The defendant will submit any personal computer owned or controlled by the defendant to a search conducted by a probation officer or designee, at a reasonable time and in a reasonable manner, without prior notice or search warrant, to determine if the defendant added, removed, updated, re-installed, repaired, or otherwise modified the hardware or software on the computer(s), or hid encrypted files or data inconsistent with the conditions of supervision. Further,

the defendant will provide all computer-related billing records, including telephone, cable, internet, satellite, and the like, as requested by the probation officer.  Refusal to submit to such search is a violation of conditions of supervision. The defendant will warn anyone with whom he shares residence that the premises may be subject to searches pursuant to this condition.

15.    The defendant shall comply with the sex offender registration requirements of the state of Michigan and ay other state in which he may reside while on supervised release.

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Fine** | **Restitution** |
|---|---|---|
| **$100.00** | -0- | -0- |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ Restitution amount ordered pursuant to plea agreement: $

☐ The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the fine.

☐ the interest requirement is waived for the restitution.

☐ the interest requirement for the fine is modified as follows:

☐ the interest requirement for the restitution is modified as follows:

---

[1] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment – Page 7
Defendant: BRADLEY MICHAEL ABBRING
Case Number: 1:14-cr-50-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payment of **$100.00** due immediately, balance due

       ☐ not later than _____, or

       ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F, below; or

B    ☐    Payment to begin immediately (may be combined with C, D, or F, below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment, or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.