# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 09, 2015

Mr. Thomas J. Gezon
Ms. Katie N. Steffes
Smietanka, Buckleitner, Steffes & Gezon
4250 Chicago Drive, S.W., Suite B
Grandville, MI 49418

Ms. Tessa K. Hessmiller
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Re: Case No. 14-1987, *USA v. Bradley Abbring*
Originating Case No. : 1:14-cr-00050-1

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc: Ms. Tracey Cordes

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0117p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

    *v.*

BRADLEY MICHAEL ABBRING,

        *Defendant-Appellant*.

No. 14-1987

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:14-cr-00050—Paul Lewis Maloney, Chief District Judge.

Decided and Filed: June 9, 2015

Before: MOORE, SUTTON, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Katie N. Steffes, Grandville, Michigan, for Appellant. Tessa K. Hessmiller, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

SUTTON, Circuit Judge. Bradley Abbring pleaded guilty to one count of receiving child pornography. The district court enhanced his advisory sentencing range because he distributed the pornography using peer-to-peer file-sharing software. We affirm.

Over a six-year span, Bradley Abbring downloaded more than 450 videos and nearly 1,000 photos of child pornography through a peer-to-peer file-sharing program called Ares. Law enforcement caught up with Abbring in July 2012, when an undercover agent using Ares noticed

child pornography available for download from a computer matching Abbring's internet address. On four subsequent occasions, agents downloaded from Abbring viewable segments of video files depicting adult men raping, sodomizing, and fondling girls as young as four. After his arrest in July 2013, Abbring pleaded guilty to one count of receiving child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A).

At sentencing, the district court added four points to Abbring's offense level for distributing child pornography through Ares. Consistent with other file-sharing programs, Ares permits users to download and view files stored on other users' computers in their shared folders. *See generally MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919–23 (2005). Unlike some file-sharing programs, Ares does not allow users to disable the automatic-sharing feature. All it permits users to do is to move files out of the program's shared folders once the user finishes downloading the relevant file. Users thus may not remove a file from their shared folder while they download it. Because Abbring continued sharing files while he downloaded them— allowing undercover agents to obtain portions of several videos—the district court concluded that his use of Ares constituted "distribution" within the meaning of the federal sentencing guidelines. *See* U.S.S.G. § 2G2.2(b)(3). That triggered a two-level enhancement under § 2G2.2(b)(3)(F). It also ruled out a two-level reduction under § 2G2.2(b)(1) for conduct "*limited to* . . . receipt or solicitation" (emphasis added). All of this generated a 151-to-188-month advisory guidelines range. The district court imposed a sentence of 132 months.

On appeal, Abbring argues that the district court misapplied both provisions of § 2G2.2(b) because his conduct did not rise to the level of distribution. We disagree.

*The distribution enhancement.* The sentencing guidelines spell out various enhancements for two types of distribution of child pornography: distribution for pecuniary and other gain, and distribution to a minor. *Id.* § 2G2.2(b)(3)(A)–(E). They then provide a catchall two-level enhancement for all other distribution of child pornography that does not fall into the specified categories. *Id.* § 2G2.2(b)(3)(F). The commentary to the guidelines defines distribution as "any act . . . related to the transfer of" child pornography, including "transmission" and "posting [such] material . . . on a website for public viewing[,] but . . . not includ[ing] the mere solicitation of such material." *Id.* § 2G2.2 cmt. n.1.

This is not the first case to implicate the definition of child-pornography distribution and its application to peer-to-peer file-sharing software. Time after time, we have applied the catchall two-level enhancement to distribution through such file-sharing software. *See, e.g.*, *United States v. Bolton*, 669 F.3d 780, 782–83 (6th Cir. 2012) (per curiam); *United States v. Gerick*, 568 F. App'x 405, 411–12 (6th Cir. 2014); *United States v. Conner*, 521 F. App'x 493, 499–500 (6th Cir. 2013); *United States v. Darway*, 255 F. App'x 68, 71–72 (6th Cir. 2007); *see also United States v. Walters*, 775 F.3d 778, 784–85 (6th Cir. 2015) (noting that our court has "repeatedly found" that the distribution enhancement applies "in cases where a defendant distributed child pornography through use of peer-to-peer software").

In one sense, then, Abbring's case is not difficult. The use of a file-sharing program like Ares readily "relate[s] to the transfer" of files, U.S.S.G. § 2G2.2 cmt. n.1, because the whole point of a file-sharing program is to share, sharing creates a transfer, and transferring equals distribution. *See Conner*, 521 F. App'x at 499–500. Abbring's use of the Ares file-sharing program as it turns out did just that. He shared illegal images by making them publicly available for transfer while he downloaded them himself. That indeed is how he was caught. An undercover agent used his Ares file-sharing program to obtain several "transmission[s]" of child pornography from Abbring's computer address. U.S.S.G. § 2G2.2 cmt. n.1. Such conduct "relate[s] to" the transfer of child pornography and thus qualifies for the enhancement. *Id.*

The wrinkle in the case is that Abbring tried to prevent any such sharing by moving files out of his shared folder and by interrupting active downloads. Yet that is another way of saying that he tried to avoid getting caught, not that he never distributed the videos. Abbring was no novice. He had downloaded 450 videos and 1,000 photos of child pornography before. And as he well knew, Ares does not permit its users to disable the automatic file-sharing component of the program during downloading. Unable to disable the sharing function, Abbring shared child pornography while downloading it and thus transferred images to others. That is all the distribution enhancement requires. As for Abbring's intent, it makes no difference to whether he planned to engage in "distribution" under the guidelines; all that matters is the knowing sharing of the files. *See Bolton*, 669 F.3d at 782–83. The definition's silence on the matter confirms as

much given that several neighboring enhancements expressly *do* turn on distributive intent. *See Conner*, 521 F. App'x at 499–500.

Our decisions in *Conner* and *Gerick* illustrate the problem with Abbring's argument. Just like Abbring, Conner and Gerick used file-sharing software to download child pornography. And just like Abbring, they tried unsuccessfully to avoid sharing: Conner tried "to keep [his] files private by moving them to compact disks," *id.* at 498, and Gerick "attempted to block others from gaining access to his computer," *Gerick*, 568 F. App'x at 412. Despite these efforts, we upheld the distribution enhancement in both cases because they distributed pornography and knowing distribution suffices. *Id.* at 411–12; *Conner*, 521 F. App'x at 499–500. Other courts of appeals have come to the same conclusion. *See United States v. Ramos*, 695 F.3d 1035, 1041 (10th Cir. 2012); *United States v. Dodd*, 598 F.3d 449, 452–53 (8th Cir. 2010); *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009); *United States v. Carani*, 492 F.3d 867, 876 (7th Cir. 2007).

*United States v. Durham*, 618 F.3d 921 (8th Cir. 2010), says nothing to the contrary. It held that offenders using peer-to-peer file-sharing software may rebut the inference of knowing distribution with "concrete evidence of ignorance." *Id.* at 931–32 (quoting *Dodd*, 598 F.3d at 452). Our circuit has never so held, but we need not cross that bridge today. Right or wrong, *Durham* offers Abbring no help. Abbring admitted that he knew how Ares works. And his interruption of the undercover agents' downloads proves he knew that Ares made child pornography available to other users during his own downloads.

*The receipt or solicitation reduction.* The sentencing guidelines also call for a two-point reduction to the defendant's offense level if his "conduct was limited to the receipt or solicitation of [child pornography] and the defendant did not intend to traffic in, or distribute, such material." U.S.S.G. § 2G2.2(b)(1). Consistent with this language, we have held that the two requirements are conjunctive, meaning the absence of either one defeats a request for the reduction. *See United States v. Fore*, 507 F.3d 412, 415–16 (6th Cir. 2007); *United States v. Berringer*, 393 F. App'x 257, 263–64 (6th Cir. 2010). In this instance, Abbring cannot say there was no distribution in the sense of transfer or sharing (even without regard to knowledge). Indeed, he does not even argue as much. Abbring's conduct therefore goes beyond mere receipt or

solicitation.  *See, e.g.*, *United States v. Shelabarger*, 770 F.3d 714, 718 (8th Cir. 2014); *United States v. Baker*, 742 F.3d 618, 624 (5th Cir. 2014); *United States v. Ray*, 704 F.3d 1307, 1313 (10th Cir. 2013).  The district court properly denied the two-level reduction.

　　　　For these reasons, we affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 14-1987

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRADLEY MICHAEL ABBRING,

    Defendant - Appellant.

**FILED**
Jun 09, 2015
DEBORAH S. HUNT, Clerk

Before: MOORE, SUTTON, and WHITE, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION WHEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk